STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V. HORACE STATE BANK, APPELLANT: JACOB STAM, GUARDIAN, INTERVENER, APPELLEE.

FILED DECEMBER 8, 1933. No. 28701.

*F. C. Radke, Barlow Nye, William J. Gartland* and *P. J. Barrett,* for appellant.

*Lanigan & Lanigan, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and CHAPPELL and LANDIS, District Judges.

DAY, J.

The guardian of William Stam, a mentally incompetent person and a world war veteran, deposited in the Horace State Bank money belonging to the ward which had been received as compensation from the United States government. The bank was declared insolvent. The guardian filed a claim for a trust fund, and the receiver classified a part as a trust fund and the rest as a deposit. Upon appeal to the court, the court classified the entire sum as a trust fund.

The action of the trial court was no doubt inspired by the opinions of this court in *State v. Security Bank,* 121 Neb. 521, and *State v. First State Bank,* 121 Neb. 515, in which cases this court held that money paid to the guardian by the United States under the war risk insurance acts is "money of the United States" until it reaches the beneficiary and that as money of the United States it was entitled to priority. We have heretofore held in accord with authority that money of the United States is entitled to priority under federal statutes. *State v. Thurston State Bank,* 121 Neb. 407. Various state courts construed the federal statutes involved. Finally, the supreme court of the United States, because of the various conflicting decisions in the state courts, granted

a writ of certiorari. In the case of *Spicer v. Smith*, 288 U. S. 430, the court held that such a deposit does not belong to the United States and, as indebtedness to it is essential to priority, the guardian's claim to a trust under such provision is without merit. Quoting from the last-cited case: "The guardian, appointed by the county court, was by the laws of the state given the custody and control of the personal estate of his ward and was authorized to collect and receive the money in question. Ky. St. sec. 2030. And unquestionably payment to the guardian vested title in the ward and operated to discharge the obligation of the United States in respect to such instalments."

The same situation obtains in this state. The holding of this court in *State v. Security Bank*, 121 Neb. 521, and *State v. First State Bank*, 121 Neb. 515, is overruled in conformity to the construction placed upon the federal statutes involved by the supreme court of the United States.

But it is urged by the intervener that this was a special deposit and as such impressed with a trust. This contention is untenable since the evidence does not establish a single essential element of a special deposit.

The judgment of the trial court is reversed and the cause remanded, with directions to the trial court to enter a judgment in conformity to this opinion.

REVERSED.